UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE RAMOS,<br><br>   Plaintiff,<br><br>   v.<br><br>THE COUNTY OF COOK; THOMAS DART, IN HIS OFFICIAL CAPACITY AS SHERIFF OF COOK COUNTY; CERMAK: HEALTH SERVICES OF COOK COUNTY; STROGER HOSPITAL; NURSE ROXANNE WOLFE; NURSE EBOIGBE NEWWORLD; PHYSICIAN'S ASSISTANT EDWARD FOWLER; DR. RONALD LEDVORA; DR. KYUNG YOO; DR. JASON MAGNANI; CORRECTIONAL OFFICER SMITH; AND THERESA OLSON,<br><br>   Defendants. | No. 14 C 186<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jorge Ramos filed an amended complaint against Defendants County of Cook, Thomas Dart, in his official capacity as Sheriff of Cook County, Cermak Health Services of Cook County, Stroger Hospital, Nurse Roxanne Wolfe, Nurse Eboigbe Newworld, Physician's Assistant ("PA") Edward Fowler, Dr. Ronald Ledvora, Dr. Kyung Yoo, Dr. Jason Magnani, Correctional Officer Smith, and Theresa Olson (collectively, "Defendants"), alleging failure to provide medical care in violation of 42 U.S.C. § 1983. Defendants Nurse Roxanne Wolfe, Nurse Newworld Eboigbe, and Physician's Assistant Edward Fowler ("Medical Personnel Defendants"), Cermak Health Services of Cook County and Stroger Hospital ("Medical Facilities Defendants"), Dr. Ronald Ledvora and County of Cook ("Cook County Defendants"), and Thomas Dart ("Defendant Dart") (collectively, "Moving Defendants") filed four separate

1

motions to dismiss this Complaint pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5), 12(b)(6), and 17(b)(3).

Medical Facilities Defendants moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 17(b)(3) and 12(b)(6). Medical Facilities' motion is unopposed by Plaintiff and granted. Currently before the court are Cook County Defendants and Medical Personnel Defendants' motions to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Cook County Defendants and Defendant Dart's motions to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5). For the following reasons, Defendants' motions are denied in their entirety.

## I.  FACTUAL BACKGROUND

Plaintiff Jorge Ramos was incarcerated at the Cook County Department of Corrections, owned, operated, maintained, and controlled by County of Cook, from at least May 23, 2012 through March 10, 2014. Plaintiff first complained of a knee injury, sustained while playing basketball, on or before May 23, 2012, and continued complaining of chronic pain for the next several months. Plaintiff was treated by Cermak Health Services employees Nurse Wolfe, Nurse Newworld, and Physician's Assistant Edward Fowler and provided only Tylenol, ibuprofen, and an ACE wrap. After several months of this treatment, Plaintiff saw Dr. Ledvora, also an employee of Cermak Health Services of Cook County, who noted effusion in Plaintiff's left knee and recommended a CT scan if the effusion did not resolve. Plaintiff continued to complain of chronic pain in his knee for months and despite no reports of his effusion subsiding, Plaintiff did not receive the CT scan recommended by Dr. Ledvora. About one year after Plaintiff first reported his injury, and about six months after a CT scan was first suggested, a CT scan was finally conducted by Dr. Ledvora and Dr. Yoo, which indicated an avulsion fracture and a

potential ACL tear. Plaintiffs continued complaining about chronic pain over the next several months, but Plaintiff did not receive an MRI or sufficient pain medication. As employees of Cermak Health Services of Cook County, Medical Personnel Defendants and Dr. Ledvora, along with Sheriff of Cook County Thomas Dart, were responsible for providing and/or arranging for health care for inmates of the Cook County Jail.

On or about September 2013, Correctional Officer Smith, who is responsible for supervising Plaintiff at the Cook County Jail and responding to any complaints from inmates, told Plaintiff that he was scheduled for an MRI appointment on October 7, 2013. Plaintiff was not given an MRI, and in November 2013, Plaintiff again filed a formal complaint regarding his chronic knee pain and the failure to provide him with an MRI. On or about December 2013, Dr. Ledvora admitted that Plaintiff had an avulsion fracture of the ACL, but continued to only prescribe "low bunk" and Motrin. Dr. Ledvora acknowledged that an MRI had not been taken, and Correctional Officer Smith also admitted that an MRI had never even been ordered. On or about January 2014, Theresa Olson, Director of Inmate Services and Programs at Cook County Sheriff's Office, reviewed Plaintiff's appeal for immediate medical treatment and inaccurately stated that Plaintiff only requested an MRI on December 12, 2013. Ms. Olson scheduled an MRI for May 2014, which, to date, has still not occurred. Despite multiple complaints of severe and chronic pain over the course of a year, Plaintiff had not received an MRI, undergone surgery, or received proper treatment for his chronic knee pain or his ACL injury.

Plaintiff first filed a complaint against Defendants Sheriff Thomas Dart, Dr. Ledvora, and Cook County on January 10, 2014, alleging violation of his Eighth Amendment right to medical care under 42 U.S.C. § 1983, and amended his complaint to additionally include Defendants Roxanne Wolfe, Newworld Eboigbe, Edward Fowler, and Cermak Health Services on October

30, 2014. All Defendants were served with Plaintiff's Amended Complaint by November 20, 2014. Cook County Defendants and Medical Personnel Defendants now move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as having been filed outside the statute of limitations. Cook County Defendants and Defendant Dart move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to timely serve his complaint, as required under Fed. R. Civ. P. 4(m).

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a § 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a § 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 1959 (2007).

## III. DISCUSSION

Plaintiff alleges that an avulsion fracture and potential ACL tear is a serious medical condition requiring immediate medical diagnosis and care, of which Defendants were aware of and deliberately indifferent to, in violation of the Plaintiff's right to medical care under the Eighth Amendment. In particular, Plaintiff alleges that Defendants' "blatantly inappropriate" response to his numerous complaints regarding his injury evidenced intentional denial of

4

Plaintiff's right of access to medical care, which constituted deliberate indifference, and was likely to seriously aggravate Plaintiff's injury. Plaintiff further alleges that Defendants' failure to provide adequate medical care or allow for the provision of adequate medical care did, in fact, cause Plaintiff undue and unnecessary pain and suffering and mental anguish, as well as further injury.

**A.     Statute of Limitations**

Medical Personnel Defendants and Cook County Defendants argue that Plaintiff's claim for deliberate indifference of his medical need should be dismissed because it is barred by the applicable statute of limitations for a state law personal injury claim. Courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a § 1983 case. *Kelly v. City of Chi.,* 4 F.3d 509, 511 (7th Cir.1993). In Illinois, the governing limitation period for a state law personal injury action filed under 42 U.S.C. § 1983 is two years. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Heard v. Sheahan*, 253 F.3d 316, 317-318 (7th Cir.2001). The statute of limitations begins accruing from the date the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace v. Kato,* 549 U.S. 384, 387, 12 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Plaintiff and Defendants dispute the date on which Plaintiff's claim began to accrue. Defendants contends that Plaintiff's claim began accruing on May 23, 2012, the date Plaintiff sustained his injury and first complained about his injury, and was required to file his Complaint by May 24, 2014. Consequently, Defendants contend that Plaintiff, who was treated by Medical Personnel Defendants for the next several months, has effectively pled himself out of court by alleging facts that are sufficient to establish a statute of limitations defense. *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir.2006). Plaintiff, however, asserts that the deliberate indifference to

his serious medical injury over the course of over a year constituted a "continuing violation" that kept accruing as he was repeatedly denied treatment.

The Seventh Circuit has stated that "[e]very day that [a defendant] prolong[s] [a prisoner's] agony by not treating his painful condition mark[s] a fresh infliction of punishment that cause[s] the statute of limitations to start running anew." *Heard v. Sheahan,* 253 F.3d 316, 318–20 (7th Cir.2001). As *Heard* suggests, an Eighth Amendment violation arising out of a defendant's deliberate indifference to a prisoner's serious medical needs is a continuing violation, and thus can accrue for as long as a defendant knows about a prisoner's serious medical condition, has the power to provide treatment, and yet withholds treatment. *Id.* at 318; *Jervis v. Mitcheff,* 258 Fed.Appx. 3, 5–6 (7th Cir.2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released."); *Wilson v. Groze*, 800 F. Supp. 2d 949, 955 (N.D. Ill. 2011). To that end, it does not matter whether a plaintiff sues more than two years after he first sees the defendant, even if it is for the first and only time. *Jervis*, 258 Fed. Appx. at 5-6.

Defendants argue that Plaintiff's claim is not truly based on a "continuing violation," but was an injury which "reasonably seemed trivial" but was "only much later discovered to be serious." *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994) (citing *Fries v. Chicago & Northwestern Transportation Co.,* 909 F.2d 1092, 1096 (7th Cir.1990). To that end, Defendants contend that Plaintiff's claim accrued on the date of the discovery of his injury despite the full extent of the injury not being discovered until much later. *Id*. Plaintiff's claim of deliberate indifference is not, however, based on the increased severity of his injury that was discovered at a later time. Rather, Plaintiff's claim is based on allegations that he sustained an injury, received

6

highly inadequate treatment, continued to experience severe pain, and made numerous complaints requesting medical care, but was denied a proper diagnosis and appropriate treatment by Defendants over an extended period of time. Plaintiff has alleged that, even on the date he filed his amended complaint, he still had not received an MRI, surgery, or proper treatment for his chronic knee pain or his ACL injury and that Defendants continued to violate Plaintiff's right to medical care. Because Plaintiff's complaint filed on October 30, 2014 was within the two year statute of limitations of his personal injury claim, Defendants' motions to dismiss are denied.

**B.     Timely Service of Complaint**

Cook County Defendants and Defendant Dart move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to timely serve his complaint in compliance with Fed. R. Civ. P. 4(m). A defendant may enforce the service of process requirements through a pretrial motion to dismiss. Fed.R.Civ.P. 12(b)(5); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

After filing a federal lawsuit, the plaintiff bears the burden of demonstrating that the district court has jurisdiction over each defendant through effective service of a summons and complaint within 120 days of filing. Fed. R. Civ. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004-05 (7th Cir.2011); *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). Even if a plaintiff serves a complaint outside of the 120-day filing time period, a court must extend the time for service for an appropriate period if a plaintiff shows good cause for the failure to serve defendant in a timely manner. Fed. R. Civ. P. 4(m); *see also Panaras v. Liquid Carbonic Industries*, 94 F.3d 338, 340 (7th Cir.1996)(reversing dismissal and holding that "where good cause is shown, the court has no choice but to extend the time for service and the inquiry is ended."). A finding of good cause requires the demonstration of a justifiable or valid reason for

delay, such as defendant evading service, and a showing of reasonable diligence in attempting service. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Cardenas*, 646 F.3d at 1004 (one attempt to serve a Complaint along with a number of unproductive phone calls was not sufficient to constitute good cause to avoid the imposition of dismissal). A trial court's decision that a plaintiff failed to establish good cause will be reviewed for abuse of discretion. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

Plaintiff's initial Complaint was filed on January 10, 2014. On March 17, 2014, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and Plaintiff's motion for attorney representation. Plaintiff filed an Amended Complaint on October 30, 2014, and Defendants were served on November 10, 2014. Because Plaintiff served Cook County Defendants and Defendant Dart more than 120 days from the initial filing date, this Court must determine whether Plaintiff has shown good cause for his failure to properly serve Defendants.

Generally, the Marshals Service is required to serve process on behalf of all individuals proceeding *in forma pauperis,* and the Marshals Service's failure to complete service on behalf of a relying prisoner is "automatically 'good cause' to extend time for service under Rule 4(m)." 28 U.S.C. §1915(d); *Graham v. Statkoski*, 51 F.3d 710, 712 (7th Cir. 1995). Cook County Defendants argue, however, that the rule stated in *Graham v. Statkoski* does not apply here because (1) Plaintiff is represented by counsel; (2) the Marshals Service was never given information on which parties to serve or authorized to serve Plaintiff's Complaint, and (3) no attempts were ever made to serve any defendants with Plaintiff's Complaint.

Even though Plaintiff did not rely on the Marshals Service to serve his Complaint, Plaintiff, nonetheless, had a valid reason for the delay in service that was outside of his control that constitutes good cause for extending his time to serve Defendants. *Moore v. Salinas*, No. 14

8

C 2456, 2015 WL 739520, at *2 (N.D. Ill. Feb. 19, 2015). Plaintiff filed his initial January 2014 complaint as an incarcerated, *pro se* litigant, and Plaintiff's motion for attorney representation was granted on March 17, 2014. At that time, Plaintiff's counsel was given time to investigate Plaintiff's claims and leave to file an amended complaint within 60 days. Plaintiff then requested and was granted an extension of time to conduct discovery to identify proper defendants and file an amended complaint, which Plaintiff filed on October 30, 2014. Less than thirty days later, all Defendants were served. Any delay in service was justifiable and did not cause any prejudice to Defendants. As such, there exists good cause to extend time to serve Defendants Cook County, Dr. Ronald Ledvora, and Sheriff Thomas Dart under Rule 4(m).

## IV. CONCLUSION

For the foregoing reasons, Defendants Wolfe, Eboigbe, Fowler, Ledvora, County of Cook, and Dart's motions to dismiss are denied, and Defendants Cermak Health Services of Cook County and Stroger Hospital's motion to dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: April 2, 2015